UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-00180-MOC-DSC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Vs. ) | FINAL ORDER OF FORFEITURE |
| ) | |
| **ERNEST KEITH JR.,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the government's Motion for Money Judgment. No response has been filed by defendant within the time provided. The Court has, however, conducted a careful review of the pleadings.

Review of the entirety of the record, including the Indictment, Plea Agreement, and Final Presentence Report reveals that entry of a personal money judgment in the amount of $256,685.44 is well within the amount agreed to by defendant in his Plea Agreement. Further, reduction of that amount to a personal money judgment is appropriate. 18 U.S.C. § 981(a)(1)(C); Fed.R.Crim.P. 32.2(b)(1)(A).

In determining the amount to be paid under Rule 32.2(b)(1)(A), the Court notes that defendant refused to sign a proposed Consent Order tendered at the time of sentencing. In turn, Rule 32.2(b)(1)(B) provides that such determination may be based on "evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. Fed.R.Crim.P. 32.2(b)(1)(B). First, defendant is bound by the terms of his Plea Agreement (#17) wherein he consented to entry of a forfeiture money judgment in the amount determined by the Grand Jury in

1

the Indictment. See Plea Agreement (#17) at ¶ 10(c). Second, the Grand Jury found probable cause to believe that defendant was liable for forfeiture in the amount of $680,000.00. Indictment (#3) at ¶ 40. Third, the Final Presentence Report provides for losses to victims exceeding $720,000.00. See Final PSR at ¶ 44. Defendant did not contest that determination. Fourth, and finally, the government has provided the Court with information concerning the source of funds as to which it seeks forfeiture. The government has, by way of proffer,[1] indicated that investigative records show that defendant received at least a total of $256,685.44 from his customers as a result of his fraud, as follows:

| Source of Funds | Amount |
| --- | --- |
| Western Union | $20,164.00 |
| Money Gram | $13,819.60 |
| PayPal | $222,701.84 |
| **Total** | **$256,685.44** |

Motion (#33) at 2. The Court finds that such amount is well within the amount found by the Grand Jury, agreed to by defendant in his Plea Agreement, supported by the uncontested finding in the PSR, and further supported by the government's proffer. Finally, as defendant has not contested the instant Motion for Money Judgment, the Court does not find that a hearing is necessary under Rule 32.2(b)(1)(B).

---

[1] The Court notes that the amounts provided have not been submitted in evidentiary form, to wit, they are not supported by an affidavit from the officer or agent who made such conclusions. Defendant has not, however, objected and the Court has accepted such assertion as a proffer. Under Rule 32.2(b)(1)(B), the Court has accepted this information as relevant to the inquiry and reliable as based on a proffer by the government.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the government's Motion for Money Judgment (#33) is **GRANTED**, and a **FORFEITURE MONEY JUDGMENT** is **ENTERED** against the defendant **ERNEST KEITH** and in favor of the **UNITED STATES OF AMERICA**, in the amount of $256,685.44, such amount constituting the proceeds received by defendant as a result of the fraud.

In accordance with Rule 32.2(b)(4)(B), such Forfeiture Money Judgment is incorporated by reference into the Criminal Judgment, which will be hereinafter. The government is authorized to take and maintain custody of any specific property for forfeiture.

Signed: September 5, 2018

*[signature]*

Max O. Cogburn Jr
United States District Judge