UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-CR-00180-MOC-DSC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| ERNEST KEITH JR., | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's pro se Motion for Corrections/ Amendments in Judgment, Motion to Amend Supervised Release, Motion to Leave Judicial District, and Motion to Amend Restitution, Monetary Penalties, and Forfeiture. Review of the pleadings reveals that defendant remains represented by court-appointed counsel and that such *pro se* motion was delivered to prison authorities for mailing within the time to appeal the Court's Judgment to the Fourth Circuit Court of Appeals.

First, as defendant was represented by counsel at the presumptive time he filed the pro se pleading, such filing violates Local Criminal Rule 47.1(g). Defendant is advised to discuss the concerns expressed in his pleading with his attorney as this Court's ability to correct a Judgment is narrow under Rule 36, Federal Rules of Criminal Procedure.

Second, this court's Judgment is on appeal to the Fourth Circuit limiting this Court's ability to review these post-judgment motions. In pertinent part, Rule 37 provides, as follows:

> **(a) Relief Pending Appeal.** If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;

1

(2) deny the motion; or

(3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed.R.Crim.P. 37(a). The Court has reviewed the substance of each motion and can find no merit in any of the requests, making such motions disposable even though this matter is on appeal.

As to his first motion, to the extent defendant is trying to provide his "current address" as that of his parents in Eastern North Carolina and/or his fiancé in New Jersey, that information is unnecessary for this Court's consideration as the docket correctly reflects his current address as the Mecklenburg County Jail. To the extent information contained in the Final PSR may be incorrect, he can discuss those matters with his supervising officer upon release. In addition, while defendant states that he "needs to note to the court," the exact same address for his parents in Clarkton, North Carolina, is already found in paragraph 85 of the final PSR. What address he plans to reside upon his release is a matter to be discussed with his supervising officer, not the Court.

As to the request to amend supervised release concerning defendant's physical ability to work, that is also a matter that will need to be discussed with the supervising officer upon release, not the Court. If a modification to the conditions of release is warranted or necessary, the supervising officer can make application to the Court. If at that time defendant is not satisfied with the supervising officer's resolution, he too can then make application to the Court, but not before.

As to the request to leave the district, defendant can discuss that matter with his supervising officer upon release, who may then commence application to transfer supervision to another district, if warranted. Again, this is not a matter that can be resolved until defendant is on supervision.

As to the motion to amend the payment of restitution, contributions towards restitution shall be paid as directed in the "Schedule of Payments." While in prison, those payments will be governed by the Bureau of Prisons' inmate financial responsibility program. Upon release, those payments are governed by the Schedule of Payments which will require defendant to pay $50 per month, commencing 60 days after release. Under § 3553(a), this Court considered his physical condition as noted in the PSR (which included his diagnosed conditions), his attainment of a bachelor's degree, his employment history, and the assessment of his ability to pay, in determining that defendant would be able to pay $50 a month towards his more than $700,000 restitution obligation. If he is unable to make those modest payments due to disability, defendant will need to work with his supervising officer at that time – however, there simply is no basis to alter any condition at this time. With an eye toward retuning as a productive member of the community, defendant should consider the vocational training opportunities available while incarcerated in conjunction with his asserted physical limitations.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's pro se Motion for Corrections/Amendments in Judgment, Motion to Amend Supervised Release, Motion to Leave Judicial District, and Motion to Amend Restitution, Monetary Penalties, and Forfeiture (#40), to the extent they seek relief from this Court, are **DENIED**.

Signed: October 11, 2018

Max O. Cogburn Jr
United States District Judge