UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-00180-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **ERNEST KEITH JR.,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on a pro se pleading captioned "Motion for Early Release/Refiling of 28 U.S.C. 2255 Petition" (#53). The Clerk of Court has, more accurately, docketed this request as a "Motion to Reduce Sentence Pursuant to the First Step Act." Docket Entry (#53).

Under the reasoning of <u>Castro v. United States,</u> 540 U.S. 375 (2003), the Court has first considered whether it should re-characterize such motion as a § 2255 petition as they come after the Judgment and reference that provision in the caption. First, review of the docket reveals that the Judgment is presently on appeal. Thus, the direct appeal has not been exhausted and the Court's Judgment is not final. Second, the claims raised in the letter is not the type typically asserted under § 2255 but appear to be a request under the First Step Act, utilizing § 3582. Thus, the Court concludes that the instant motion dos not rise to a level that should be considered as invoking the one-time-only protections afforded under Section 2255.

Turning next to the issue of whether the Court can take up the FSA motion at this time, Rule 38(a) of the Federal Rules of Criminal Procedure governs consideration of motions filed in the district court during the pendency of an appeal. In particular, Rule 37(a) provides, as follows:

1

> (a) **Relief Pending Appeal**. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals Remands for that purpose or that the motion raises a substantial issue.

Fed.R.Civ.P. 37(a). Under Rule 37(a)(2), the Court determines that it is appropriate to take up the motion as it does not raise substantial issues that would impact the appeal.

In the motion, defendant seeks relief under the 2018 First Step Act ("2018 FSA"). Generally, the 2018 FSA makes the 2010 Fair Sentencing Act's ("2010 FSA") crack reductions retroactive to sentencing that occurred prior to the Fair Sentencing Act's 2010 enactment.[1] As defendant's offense of conviction concerns a mail fraud scheme, neither the 2018 FSA nor the 2010 FSA have any application to his case.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's "Motion for Early Release/Refiling of 28 U.S.C. 2255 Petition" (#53), deemed to be a "Motion to Reduce Sentence Pursuant to the First Step Act," is **DENIED**.

Signed: March 14, 2019

Max O. Cogburn Jr
United States District Judge

---

[1] There are other provisions under the 2018 FSA, none of which appear to be applicable to defendant's situation.